UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARDEN, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-06120-JSW<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION AND REMAND**<br><br>Re: Dkt. Nos. 147, 148 |

　　　　Petitioner, a California prisoner proceeding pro se, filed this habeas petition. The operative pleading is the first amended petition ("FAP"). Three of the four claims in the FAP were dismissed for procedural default. Respondent was ordered to answer the one remaining claim, which he has done. Petitioner filed a "notice" that he is filing a second amended petition ("SAP"); the notice was vacated, and his request to "replace" claims in the SAP was denied. (ECF No. 145.) Petitioner has filed a motion for reconsideration of that order on the grounds that his SAP was not a successive federal petition. The SAP was disallowed not on the grounds that it is a successive habeas petition, but rather because it included claims that were already dismissed as procedurally defaulted and without further leave to amend. Therefore, even assuming petitioner is correct the SAP was not a successive habeas petition, as he argues in his motion for reconsideration, the problem remains that it presents claims that are procedurally defaulted. The motion for reconsideration does not address that problem. Accordingly, it is DENIED.

　　　　Petitioner's motion to "remand" this case to state court is also DENIED. There is no basis for remanding this case, which has a pending federal claim. Petitioner may pursue any claims in state court by filing them in a separate case there. The Court notes Petitioner makes arguments in this motion as to why his claims should not be procedurally defaulted. He has not shown cause why he did not make these arguments in opposition to Respondent's motion to dismiss on these

grounds. That motion was filed over a year ago. Petitioner had two months, including an extension of time, to prepare his opposition. He filed a surreply as well three months after the opposition, which the Court considered. He knew about the exceptions to the procedural default doctrine, and indeed, he even presented arguments to apply the exceptions. The new arguments he raises now could have been raised in the five months he took to present his arguments opposing procedural default, but were not. Petitioner has presented no justification for giving him a second bite at the apple now.[1]

IT IS SO ORDERED.

Dated: December 12, 2025

_____
JEFFREY S. WHITE
United States District Judge

---

[1] A review of the arguments and exhibits he presents now are unpersuasive. He argues grounds for delaying in the filing of his claims to the California Supreme Court, but these arguments do not persuasively establish cause for his procedurally defaulting those claims by presenting them in an untimely manner.

2